**Christopher H. FORREST,**
**Plaintiff–Appellant,**

v.

**PAR PHARMACEUTICAL, INC.,**
**Defendant–Appellee.**

No. 00–7533.

United States Court of Appeals,
Second Circuit.

Jan. 12, 2001.

Herbert J. Tan, New York, NY, for appellant.

Jonathan P. Graham, Williams & Connolly LLP, Washington, DC; Oliver Garcia, of counsel, for appellee.

Present FEINBERG and PARKER, Circuit Judges, and COVELLO,* District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of the said District Court be and it hereby is AFFIRMED.

Christopher Forrest appeals from the judgment of the United States District Court for the Southern District of New York (Parker, J.) entered on April 5, 2000, for the defendant, Par Pharmaceutical, Inc. ("Par"), after a bench trial. Forrest claimed that Par unlawfully retaliated against him as a consequence of his filing a complaint with the Equal Employment Opportunity Commission, violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.* Par, a generic drug manufacturer, argued that it fired Forrest based on two incidents involving the tampering with and mishandling of drugs.

Forrest argues on appeal that the District Court committed reversible error in not permitting his proposed expert witness to testify that a security videotape provided to Forrest by Par, showing a different individual engaging in suspicious activity in the controlled substance area, had been edited. Forrest submitted his proposed witness list to the District Court five days before trial was to begin, accompanied by an unexecuted affidavit as to what the proposed expert would testify. The record reveals that no such witness testified, but the record does not include any ruling by Judge Parker excluding this witness. The bench trial occurred March 20 through March 23, 2000. Judge Parker issued findings of fact, conclusions of law and a judgment in favor of Par on April 4, 2000.

▆▆▆ Even assuming that Judge Parker made the contested evidentiary ruling, the district court decision must stand. This Court reviews an order excluding a late-designated expert for abuse of discretion. *See Softel, Inc. v. Dragon Med. and Scientific Communications, Inc.,* 118 F.3d 955, 961 (2d Cir.1997). "In determining whether a district court has exceeded its discretion, we consider the following factors: (1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Id.* Here, the dispositive factor is

---

* The Honorable Alfred V. Covello, of the United States District Court for the District of Connecticut, sitting by designation.

number two, the testimony's importance. Based on the findings of fact issued by Judge Parker on the evidence presented, it is unlikely that this witness' testimony regarding the authenticity of Par's security videotape of another individual in the controlled substance area would have made a difference to the outcome.

█ "Findings with regard to the existence of discriminatory intent are findings of fact, as are findings of discrimination, and causation, and such findings may not be set aside unless they are clearly erroneous." *Joseph v. New York City Board of Educ.*, 171 F.3d 87, 93 (2d Cir.1999)(internal citations omitted).

In a Title VII case based on retaliation, the plaintiff must, by a preponderance of the evidence, show that he engaged in protected activity under Title VII, that his employer was aware of that activity, that his employer took adverse action against the plaintiff, and that a causal connection exists between the protected activity and the adverse action. *See Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 769 (2d Cir.1998). Judge Parker concluded that Forrest had established a prima facie case of retaliation. Thus, the burden shifted to Par to "articulate some legitimate, nondiscriminatory reason" for its action. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Reviewing the evidence presented by Par regarding its conclusion that Forrest was responsible for the two drug incidents, Judge Parker concluded that Par had demonstrated legitimate and non-retaliatory reasons for terminating Forrest. Judge Parker stated, "Whether Forrest, in fact, participated in tampering is a question this Court need not reach and is not decided. However, Par proved at trial that it had a reasonable basis for its belief that Forrest may have participated in tampering, that he violated company policies and procedures, and that his conduct during Par's investigation justified his suspension and dismissal." Judge Parker concluded that Forrest had not met his burden of proving by a preponderance of the evidence that Par's reasons were pretexts for retaliation.

Judge Parker's findings of fact regarding Par's motivation in terminating Forrest were not clearly erroneous, and thus cannot be set aside by this Court.

For the reasons set forth above, the judgment of the district court is AFFIRMED.